SUMMARY ORDER
Respondent-appellant Weigel Broadcasting Company appeals from an October 9, 2007, order and judgment of the United States District Court for the Southern District of New York (Stanton, J.), clarifying and supplementing a May 30, 2007, opinion and order, granting petitioner-appellee Broadcast Music, Inc.’s petition and setting Weigel’s license fee. We assume the parties’ familiarity with the facts and procedural history of the case.
*727 The district court “is responsible for establishing the fair market value” of the proposed license, that is, “the price that a willing buyer and a willing seller would agree to in an ami’s length transaction.” United States v. Broad. Music, Inc., 426 F.3d 91, 95 (2d Cir.2005) (internal quotation marks omitted) (“Music Choice II”). “This determination is often facilitated by the use of a benchmark — that is, reasoning by analogy to an agreement reached after arms’ length negotiation between similarly situated parties.” United States v. Broad. Music, Inc., 316 F.3d 189, 194 (2d Cir.2003) (“Music Choice I”).
In choosing a benchmark and determining how it should be adjusted, [the court] must determine the degree of comparability of the negotiating parties to the parties contending in the rate proceeding, the comparability of the rights in question, and the similarity of the economic circumstances affecting the earlier negotiators and the current litigants, as well as the degree to which the assertedly analogous market under examination reflects an adequate degree of competition to justify reliance on agreements that it has spawned.
Music Choice II, 426 F.3d at 95 (citation and internal quotation marks omitted).
We review the district court’s findings of fact — including, for example “[its] evaluation of the facts surrounding the formation of the benchmark agreements, ... the credibility of witnesses and other evidence at trial”' — for clear error. Id. at 96.
On appeal, Weigel argues that the court relied on the wrong benchmark and failed to distinguish WCIU from other local broadcast stations when setting its license fee.
In setting Weigel’s license fee, the district court relied as a benchmark on the industry-wide license fee as allocated to the stations. Broad. Music, Inc. v. Weigel Broad. Co., 488 F.Supp.2d 411, 416 (S.D.N.Y.2007). The court reasonably found that each station had agreed to the industry-wide fee allocation process and to their respective portion of the overall fee. See id. Nonetheless, transaction costs or self-dealing in the benchmark transaction might make the transaction one that does not reflect an “adequate degree of competition to justify reliance.” Music Choice II, 426 F.3d at 95. In this case, however, the limited evidence of self-dealing or transaction costs does not render the district court’s benchmark determination unreasonable.
Moreover, the court properly found that WCIU was not different from other local broadcast stations in a way that required the benchmark to be adjusted. See Broad. Music, Inc., 488 F.Supp.2d at 416-18.
Accordingly, the judgment of the district court is hereby AFFIRMED.